UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY S. HARMON.           )<br>                              )<br>     Plaintiff,              )<br>                              )<br>v.                            )<br>                              )<br>STATE FARM FIRE AND CASUALTY  )<br>COMPANY; KRIS MULLINS, et al., )<br>                              )<br>     Defendants.             )  | CIVIL ACTION NO.<br>07-00245-BH-B |

**ORDER**

This action is before the Court on defendants' pending motions to dismiss (Docs. 2 and 4) and plaintiff's motion to remand (Doc. 12).  Upon consideration of these motions, plaintiff's opposition (Docs. 10 and 12) to defendants' motions to dismiss and defendants' opposition (Doc. 13) to plaintiff's motion to remand, the Court concludes that it is not satisfied that the resident defendant was fraudulently joined in this case and thus that diversity jurisdiction exists.  Specifically, the Court cannot say that there is no possibility that the plaintiff would be able to establish a cause of action against Kris Mullins, the resident defendant, or that there has been fraud in plaintiff's pleading of jurisdictional facts.  *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)("A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court' [and] [t]he defendant

must make such a showing by clear and convincing evidence.")(internal citation omitted). *See also*, *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)("The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent . . . [and] the district court should resolve all questions of fact and controlling law in favor of the plaintiff.").

It is therefore **ORDERED** that plaintiff's motion to remand be and is hereby **GRANTED**. The Clerk of this Court is directed to take such steps as are necessary to transfer this action back to the Circuit Court of Marengo County from whence it was removed. Under the circumstances, this Court will not further address defendants' motions to dismiss.

**DONE** this 23rd day of May, 2007.

                                            s/ W. B. Hand
                                        SENIOR DISTRICT JUDGE